IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT LEE WILLIAMS                                                                   PLAINTIFF

v.                                                                                    No. 4:02CV119-P-A

LARRY LUCAS, ET AL.                                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the April 22 and May 6, 2005, motions of the plaintiff for a temporary restraining order or preliminary injunction seeking a court order requiring the Mississippi Department of Corrections to house the plaintiff somewhere other than Unit 32 at the Mississippi State Penitentiary. The defendants responded to the motions, and the matter is ripe for review. For the reasons set forth below, the instant motions for a temporary restraining order or preliminary injunction shall be denied.

### Discussion

The plaintiff states that he was stabbed at Unit 32-A on January 18, 2000, and that the gang members who placed the "hit" on him are housed at Unit 32-A. He claims further that three members of Unit 32 staff have arranged his transfer because they have relatives who are gang members, and they want the plaintiff to be killed because he files so many grievances. For these reasons, the plaintiff believes that his assignment to that unit places him in mortal danger.

In order to obtain a temporary restraining order or preliminary injunction, a plaintiff has the burden of proving four prerequisites that have been set out in *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). The four prerequisites are: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the Defendants; and (4) granting the preliminary injunction will not disserve the public interest. *Id.* at 572. It is "not to be granted

routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The plaintiff simply fails to justify to the court the need for the exceptional relief he seeks. From other hearings related to the conditions and security at Unit 32, the court takes judicial notice that the Mississippi Department of Corrections houses all verified gang leaders and major gang participants in Unit 32 at the Mississippi State Penitentiary. The security there is thus commiserate with the risk to staff and inmates. The only time inmates are placed together is during haircuts and on the way to and from yard call, and the inmates on yard call are restrained with cuffs and waist chains and are placed in individual recreation areas. For these reasons, the court finds that the plaintiff would be unlikely to prevail on the merits of this claim, and the instant motions for a temporary restraining order or preliminary injunction shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE